**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**BECKLEY DIVISION**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | : |
| Plaintiff, | : |
| v. | :      CIVIL ACTION NO.:   5:22-cv-00440 |
| GREENBRIER MINERALS, LLC and CORONADO COAL, LLC, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Federal Insurance Company ("Federal") files this Complaint for declaratory judgment against Defendants Greenbrier Minerals, LLC ("Greenbrier") and Coronado Coal, LLC ("Coronado"), and avers as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage dispute. Federal seeks a declaration of non-coverage from this Court in connection with the claims submitted by Greenbrier and Coronado for defense and indemnification for six underlying lawsuits filed in in the Circuit Courts of Logan County and Wyoming County, West Virginia ("Underlying Actions"), under the Mining Industries Insurance Coverage Policy No. 3711-55-11 issued by Federal to Coronado Group, LLC and Coronado Global Resources Inc. ("Federal Policy" or "Policy").

2. The six lawsuits for which Greenbrier and Coronado seek coverage are: (1) *John Cook v. Greenbrier Minerals, LLC*, CC-23-2021-C-12 (Circuit Court, Logan County); (2) *Christopher Smith v. Greenbrier Minerals, LLC*, CC-21-C-66 (Circuit Court, Wyoming County); (3) *Charles A. Woolum v. Greenbrier Minerals, LLC*, CC-21-C-65 (Circuit Court, Wyoming

County); (4) *Lucas Lawrence v. Greenbrier Minerals, LLC,* CC-23-2021-C-155 (Circuit Court, Logan County); (5) *Ewel Vance v. Coronado Coal,* No. CC-23-2022-C-1 (Circuit Court, Logan County); (6) *Scott Parsons v. Coronado Coal LLC,* No. CC-23-2022-C-3 (Circuit Court, Logan County) (collectively, the "Complaints" or the "Underlying Actions").

3.      The Complaints filed in the Underlying Actions allege that the underlying plaintiffs each sustained injuries as the result of incidents that occurred in the course of their employment by Greenbrier, at coal mines operated by Greenbrier and controlled by Coronado, and while the underlying plaintiffs were performing duties related to the conduct of the business of Greenbrier and/or Coronado.

4.      Greenbrier and Coronado are both Named Insureds under the Federal Policy. Exs. 1-3, Named Insured End't.

5.      The Policy does not provide coverage for losses for injuries sustained by "*any* **employee** … of *any* **insured** arising out of and in the course of[] employment by *any* **insured**" or while performing duties related to "any **insured's**" business as they are expressly excluded under the "Employer's Liability, Except For Written Contract Or Agreement" Exclusion Endorsement of the Federal Policy.

6.      Here, the underlying plaintiffs all allege that they were injured during the course of their employment by an insured (Greenbrier) and while performing duties related to the conduct of an insured's (Greenbrier's and/or Coronado's) business.

7.      Additionally, by its plain terms, the Exclusion applies to exclude coverage for "any **insured**," regardless of whether the injured employee was an employee of the insured against whom suit was brought or "any other **insured**." In other words, the Exclusion applies to Coronado (as well as Greenbrier) regardless of the fact that a separate Named Insured

(Greenbrier, and not Coronado) actually employed the underlying plaintiffs.

8.      Accordingly, and for the additional reasons stated herein, Federal seeks a declaration from this Court that there is no coverage owed to Defendants Greenbrier and Coronado for the Underlying Actions under the Federal Policy.

## THE PARTIES

9.      Plaintiff Federal is an Indiana corporation with its principal place of business located in New Jersey.

10.      Upon information and belief, Defendant Coronado is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Beckley, West Virginia.  Upon information and belief, Defendant Coronado is wholly owned by Coronado Coal Corporation and/or Coronado Global Resources, Inc., which are both incorporated in the State of Delaware and maintain their principal place of business in Beckley, West Virginia.  Coronado is therefore a citizen of Delaware and West Virginia.

11.      Upon information and belief, Defendant Greenbrier is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Beckley, West Virginia.  Upon information and belief, Defendant Greenbrier is wholly owned by Defendant Coronado, which in turn is wholly owned by Coronado Coal Corporation and/or Coronado Global Resources, Inc., which are both incorporated in the State of Delaware and maintain their principal place of business in Beckley, West Virginia. Greenbrier is therefore a citizen of Delaware and West Virginia.

## JURISDICTION & VENUE

12.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1332(a) and 2201-2202 because the amount in controversy in this declaratory judgment action exceeds $75,000, exclusive of interest and costs, and is between citizens of

different states.

13.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

### The Federal Policy

14.     Federal issued the Mining Industries Insurance Coverage Policy No. 3711-55-11 to Coronado Group, LLC for, as relevant here, the Policy Period of June 1, 2018 to June 1, 2019, and to Coronado Global Resources Inc. for the Policy Periods of June 1, 2019 to June 1, 2020 and June 1, 2020 to June 1, 2021.  A copy of the June 1, 2018 to June 1, 2019 Policy is attached hereto as **Exhibit 1;** a copy of the June 1, 2019 to June 1, 2020 Policy is attached hereto as **Exhibit 2;** and a copy of the June 1, 2020 to June 1, 2021 Policy is attached hereto as **Exhibit 3**. Because the relevant terms, conditions, and exclusions of the policies are identical, Federal refers to the June 1, 2018 to June 1, 2019 Policy, the June 1, 2019 to June 1, 2020 Policy, and the June 1, 2020 to June 1, 2021 Policy collectively as the "Federal Policy" or "Policy," unless otherwise noted.

15.     Defendants Greenbrier and Coronado are Named Insureds on the Policy.  (Exs. 1-3, Named Insured End't.)

16.     The Federal Policy includes a General Liability coverage section with a $1 million each occurrence limit of liability and a $2 million general aggregate limit of liability. (*Id.*, Declarations.)

17.     Subject to its terms and conditions, the Policy provides, in pertinent part, that Federal "will pay damages that the **insured**[1] becomes legally obligated to pay by reason of liability" for "**bodily injury** … caused by an **occurrence**" and that "occurs during the policy

---

[1] **Bold** terms are defined in the Policy.

period." (*Id.*, Form 42-02-1004 (Ed. 10-01), p. 3.)

18.    The Policy defines an "**occurrence**" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

19.    The Policy includes an "Employer's Liability, Except For Written Contract Or Agreement" Exclusion Endorsement, which states as follows:

A.    With respect to all coverages under this contract, this insurance does not apply to any damages, loss, cost or expense arising out of any injury or damage sustained at any time by any:

1.    **employee** or **temporary worker** of *any* **insured** arising out of and in the course of:

a.    employment by *any* **insured**; or

b.    performing duties related to the conduct of *any* **insured's** business.

2.    spouse, child, parent, brother or sister of any person sustaining injury or damage (as described in subparagraph A.1.a. or A.1.b. above) as a consequence of any of the foregoing.

B.    This exclusion applies:

1.    regardless of the capacity in which any **insured** may be liable;

2.    to *any* **insured** against whom a claim or **suit** is brought, regardless of whether such claim or **suit** is brought by an **employee** or **temporary worker** of:

a.    such **insured**; or

b.    any other **insured**; and

3.    to any obligation to share any damages, loss, cost or expense with or to repay any person or organization who must pay any damages, loss, cost or expense because of any of the foregoing. […]

(*Id.*, Form 80-02-5280 (Ed. 6-10) (emphasis added).)

20.     The "Employer's Liability, Except For Written Contract Or Agreement"
Exclusion replaces the "Employer's Liability" exclusion under the Bodily Injury/Property
Damage Exclusions section of the Policy.  (*Id.* ("The following [endorsement] exclusion is added
to this policy and replaces any similar exclusion therein.").)

21.     The Policy also contains an "Expected Or Intended Injury" exclusion, which
states, in pertinent part, as follows:

> This insurance does not apply to **bodily injury** … arising out of an
> act that:
>
> - is intended by the **insured**; or
>
> - would be expected from the standpoint of a reasonable
>   person in the circumstances of the **insured**;
>
> to cause **bodily injury** … even if the actual **bodily injury** … is of
> a different degree or type than intended or expected.

(*Id.*, Form 42-02-1004 (Ed. 10-01), p. 12.)

### The Underlying Actions

**A.    *John Cook v. Greenbrier Minerals, LLC*, CC-23-2021-C-12 (Circuit Court,
Logan County, W.Va.)**

22.     On February 12, 2021, Underlying Plaintiffs John Cook and Ashley Cook filed
suit against Defendants Greenbrier and Coronado in the Circuit Court of Logan County, West
Virginia.  A copy of the Complaint in *John Cook v. Greenbrier Minerals, LLC*, CC-23-2021-C-
12 (hereinafter, the "*Cook* Action") is attached hereto as **Exhibit 4**.

23.     The *Cook* Action arises out of bodily injury John Cook sustained during his
employment by Greenbrier at the Powellton No. 1 coal mine located in Logan County, West
Virginia.

24.     The Complaint in the *Cook* Action alleges that Greenbrier operated the Powellton
No. 1 coal mine.  (Ex. 4 ¶ 7.)  It is alleged that "Coronado was the controller of the Powellton

No. 1 mine"; periodically visited and inspected the Coal Mine; was responsible for the safety oversight, support, compliance, monitoring, production, audits, and inspection of the Coal Mine; and was also "intimately involved" in the operations of the Coal Mine. (*Id.* ¶ 8.)

25.     According to the underlying complaint, Mr. Cook "was employed by defendant Greenbrier Minerals as an electrician and assigned to work second shift (evening shift) at the Powellton No. 1 coal mine." (*Id.* ¶ 6.)

26.     Prior to February 16, 2019, according to the underlying Complaint, Greenbrier and Coronado retained Cook's Manufacturing to rebuild a stacker belt system ("Project") in the Coal Mine. (*Id.* ¶ 10.) Dayshift and "hoot owl shift" employees at the Coal Mine received safety training specific to the Project, but the "second shift" employees—which included John Cook—did not, because originally, the second shift employees were not going to be assigned to work on the Project. (*Id.* ¶¶ 11-12.) However, since the Project was not progressing as scheduled, Greenbrier and/or Coronado required and assigned second shift employees— including John Cook—to work on the Project, despite the second shift employees not having received the Project-specific safety training. (*Id.* ¶ 13.)

27.     The Complaint alleges that on February 16, 2019, while working on the Project at the direction of his employer, Greenbrier, John Cook sustained injuries when a 4x4 piece of metal "violently str[uck]" John Cook in the face when he and others were attempting to remove a stuck belt conveyor brake from a drive roller shaft. (*Id.* ¶¶ 14-15.)

28.     In Count I of the Complaint, Mr. Cook alleges a claim for "Deliberate Intent" against Greenbrier under W. Va. Code § 23-4-2(d)(2)(B). According to the Complaint, Greenbrier "had actual knowledge of the existence of the specific unsafe working condition" and

the high degree of risk presented thereby but "nevertheless intentionally thereafter exposed [Mr. Cook] to the specific unsafe working condition." (*Id.* ¶ 22.)

29.     In Count II, Mr. Cook alleges a claim for negligence against Coronado. Coronado, it is alleged, "negligently, recklessly, willfully, and with wanton disregard of work safety breached its duties owed to plaintiff John Cook, by failing to develop, implement, oversee and monitor compliance with mining laws, mining regulations and safety policies and procedure for its various mining operations" including the Coal Mine. (*Id.* ¶ 28.)

30.     The complaint also includes a claim by Underlying Plaintiff Ashley Cook, John Cook's wife, for loss of consortium. (*Id.* at Count IV.)

31.     Underlying Plaintiffs seek compensatory damages against Greenbrier and Coronado, punitive damages against Coronado, as well as costs and attorneys fees. (*Id.* at Wherefore Clause.)

**B.     *Christopher Smith v. Greenbrier Minerals*, LLC, CC-21-C-66 (Circuit Court, Wyoming County, W.Va.)**

32.     On July 6, 2021, Underlying Plaintiff Christopher Smith and Amanda Smith filed suit against Defendants Greenbrier and Coronado in the Circuit Court of Wyoming County, West Virginia. A copy of the Complaint in *Christopher Smith et al. v. Greenbrier Minerals, LLC et al.*, CC-21-C-66 (hereinafter, the "*Smith* Action") is attached hereto as **Exhibit 5**.

33.     The *Smith* Action arises out of bodily injury Christopher Smith sustained during his employment by Greenbrier at the Lower War Eagle underground mine in Wyoming County, West Virginia.

34.     It is alleged that Greenbrier "was the operator of the Lower War Eagle mine." (Ex. 5 ¶ 6.) According to the complaint, "Coronado was the controller of the Lower War Eagle

mine and the parent company" of Greenbrier and "was intimately involved in the operations of the Lower War Eagle mine."  (*Id.* ¶¶ 6, 8.)

35.     Mr. Smith alleges that he was employed by Greenbrier as a continuous miner operator at the Lower War Eagle underground mine and was assigned to work the second shift on the No. 1 working section.  (*Id.* ¶ 5.)

36.     Mr. Smith alleges that on July 8, 2019, while he was operating a continuous miner at the Lower War Eagle mine, Mr. Smith and his section boss, Charles Woolum, were injured when a large rib rolled out from No. 4 heading, striking Mr. Smith and Mr. Woolum.  (*Id.* ¶¶ 16-18.)

37.     Mr. Smith alleges that he sustained "serious, permanent, and disabling injuries" as a result of the incident.  (*Id.* ¶ 19.)

38.     In Count I of the Complaint, Mr. Smith alleges a claim for Deliberate Intent against Greenbrier under W. Va. Code § 23-4-2(d)(2)(B).  According to the Complaint, Greenbrier "had actual knowledge of the existence of the specific unsafe working condition" and the high degree of risk presented thereby but "nevertheless intentionally thereafter exposed [Mr.] Smith to the specific unsafe working condition."  (*Id.* ¶ 23.)

39.     In Count II of the Complaint, plaintiffs allege a claim for negligence against Coronado.  Coronado, according to the Complaint, "negligently, recklessly, willfully, and with wanton disregard of work safety breached its duties owed to plaintiff Christopher Smith, by failing to develop, implement, oversee and monitor compliance with mining laws, mining regulations and safety policies and procedure for its various mining operations, including the Lower War Eagle Mine, and to not place production over the safety, health and well-being of the workforce at the mine, whereby members of mine management, did not provide or ensure that its

workers, including plaintiff Christopher Smith, were provided with safe rib, roof and mining conditions in which to perform his/her job in a safe manner in violation of federal and state mine safety laws." (*Id.* ¶ 29.)

40.     The complaint also includes a claim by Underlying Plaintiff Amanda Smith, Christopher Smith's wife, for loss of consortium.

41.     In Count IV, the underlying plaintiffs seek a declaratory judgment that an amendment (H.B. 2011) imposing a 13% impairment threshold to the deliberate intent statute, W. Va. Code § 23-4-2(d)(2)(B), violates the West Virginia Constitution.

42.     The plaintiff seeks compensatory damages, punitive damages, and declaratory relief, as well as costs and attorneys fees.

### C.     *Charles A. Woolum v. Greenbrier Minerals, LLC*, CC-21-C-65 (Circuit Court, Wyoming County, W.Va.)

43.     On July 6, 2021, Underlying Plaintiffs Charles A. Woolum and Michelle Woolum filed suit against Defendants Greenbrier and Coronado in the Circuit Court of Wyoming County, West Virginia.  A copy of the Complaint in *Charles A. Woolum v. Greenbrier Minerals, LLC*, CC-21-C-65 (Wyoming County, W.Va.) (hereinafter, the "*Woolum* Action") is attached hereto as **Exhibit 6**.

44.     The *Woolum* Action—like the *Smith* Action—arises out of bodily injury Charles Woolum sustained during his employment by Greenbrier at the Lower War Eagle underground mine in Wyoming County, West Virginia.  (Ex. 6 ¶ 5.)

45.     It is alleged that Greenbrier "was the operator of the Lower War Eagle mine." (*Id.* ¶ 6.)  According to the complaint, "Coronado was the controller of the Lower War Eagle mine and the parent company" of Greenbrier and "was intimately involved in the operations of the Lower War Eagle mine."  (*Id.* ¶ 8.)

46.     Mr. Woolum alleges that he was employed by Greenbrier as a section foreman at the Lower War Eagle underground mine and was assigned to work the second shift on the No. 1 working section.  (*Id.* ¶ 5.)

47.     Mr. Woolum alleges that on July 8, 2019, while he was walking by the area near the continuous miner positioned in No. 4 left and No. 4 heading, "a large rib rolled out from No. 4 heading and No. 4 left striking both [Mr. Woolum] and the miner operator, Mr. Smith."  (*Id.* ¶ 18.)

48.     Mr. Woolum alleges that he sustained "serious, permanent, and disabling injuries" as a result of the incident.  (*Id.* ¶ 19.)

49.     In Count I of the Complaint, Mr. Woolum alleges a claim for Deliberate Intent against Greenbrier under W. Va. Code § 23-4-2(d)(2)(B).  According to the Complaint, Greenbrier "had actual knowledge of the existence of the specific unsafe working condition" and the high degree of risk presented thereby but "nevertheless intentionally thereafter exposed [Mr.] Woolum to the specific unsafe working condition."  (*Id.* ¶ 23.)

50.     In Count II of the Complaint, plaintiffs allege a claim for negligence against Coronado.  Coronado, according to the Complaint, "negligently, recklessly, willfully, and with wanton disregard of work safety breached its duties owed to plaintiff Charles Woolum, by failing to develop, implement, oversee and monitor compliance with mining laws, mining regulations and safety policies and procedure for its various mining operations, including the Lower War Eagle Mine, and to not place production over the safety, health and well-being of the workforce at the mine, whereby members of mine management, did not provide or ensure that its workers, including plaintiff Charles Woolum, were provided with safe rib, roof and mining conditions in

which to perform his/her job in a safe manner in violation of federal and state mine safety laws." (*Id.* ¶ 29.)

51.    The complaint also includes a claim by Underlying Plaintiff Michelle Woolum, Charles Woolum's wife, for loss of consortium.

52.    In Count IV, the underlying plaintiffs seek a declaratory judgment that an amendment (H.B. 2011) imposing a 13% impairment threshold to the deliberate intent statute, W. Va. Code § 23-4-2(d)(2)(B), violates the West Virginia Constitution.

53.    The plaintiff seeks compensatory damages, punitive damages, and declaratory relief, as well as costs and attorneys fees.

**D.    *Lucas Lawrence v. Greenbrier Minerals*, LLC, CC-23-2021-C-155 (Circuit Court, Logan County, W.Va)**

54.    On December 8, 2021, Underlying Plaintiff Lucas T. Lawrence filed suit against Defendants Greenbrier and Coronado, among other entities, in the Circuit Court of Logan County, West Virginia.  A copy of the Complaint in *Lucas Lawrence v. Greenbrier Minerals, LLC*, CC-23-2021-C-155 (hereinafter, the "*Lawrence* Action") is attached hereto as **Exhibit 7**.

55.    The *Lawrence* Action arises out of bodily injury Lucas Lawrence sustained during his employment by Greenbrier at the Saunders Preparation Plant in Logan County, West Virginia.

56.    In the *Lawrence* Action, Mr. Lawrence alleges that he "was employed by Greenbrier" when, on July 16, 2020, he attended a cookout hosted by Greenbrier for its employees at the Saunders Preparation Plant.

57.    Mr. Lawrence alleges that a propane tank at the cookout exploded, causing severe injuries to Mr. Lawrence, among other miners in attendance.

58.     Mr. Lawrence alleges that he sustained multiple burns of varying degrees to over 20 percent of his body.  Mr. Lawrence alleges he suffered a broken wrist, he underwent numerous painful surgical procedures to treat his burns, and he suffers from Post Traumatic Stress Disorder.

59.     Mr. Lawrence alleges that "Coronado controlled the day to day operations of the Sanders Preparation Plant, including events such as the cookout at which Mr. Lawrence was injured, as well as assuming a duty of safety oversight and direction for the subject mine."  (Ex. 7 ¶ 27.)

60.     Mr. Lawrence alleges that as "the controller of the Saunders Preparation Plant," Coronado "owed a duty to provide coal miners in that mine a safe workplace, which included the duty of reasonable and ordinary care to adopt and implement safe practices and procedures at the plant, including proper training protocols on compressed gas."  (*Id.*)

61.     Mr. Lawrence alleges that "[o]n the date in question, agents of Defendant Coronado were present at the jobsite, owned and transported the subject grill apparatus to the mine site, and was responsible for the safe operation of the grill, including ensuring that propane tanks were properly han[d]le[d] and stored when not in use, as well as ensuring that all tanks on or around the subject grill apparatus were safe and properly maintained."  (*Id.* ¶ 30.)

62.     In Count I of the Complaint, Mr. Lawrence alleges a claim for "Deliberate Intent" against Greenbrier under W. Va. Code § 23-4-2(d)(2)(B).  According to the Complaint, Greenbrier "had actual knowledge of the existence of the specific unsafe working condition" and the high degree of risk presented thereby but "nevertheless intentionally thereafter exposed Mr. Lawrence to the specific unsafe working condition."  (*Id.* ¶ 24.)

63.     In Count II of the Complaint, Mr. Lawrence alleges a claim for negligence against Coronado.  According to the Complaint, Coronado "negligently, recklessly, willfully, and with wanton disregard of safety breached its duties owed to Mr. Lawrence by failing to adopt and implement proper training protocols on compressed gas, and by nonetheless knowingly exposing employees to a situation where knowledge of compressed gas and the hazards associated therewith was crucial."  (*Id.* ¶ 31.)

64.     The Complaint seeks punitive damages from Coronado, as well as compensatory damages, costs and attorneys fees from all defendants.

**E.**     ***Ewel Vance v. Coronado Coal*, No. CC-23-2022-C-1 (Circuit Court, Logan County, W.Va)**

65.     On January 4, 2022, Underlying Plaintiff Ewel E. Vance filed suit against Defendant Coronado, among other entities, in the Circuit Court of Logan County, West Virginia. A copy of the Complaint in *Ewel Vance v. Coronado Coal*, No. CC-23-2022-C-1 (hereinafter, the "*Vance* Action") is attached hereto as **Exhibit 8**.

66.     In the *Vance* Action, Mr. Vance alleges that he "was employed by Greenbrier" when, on July 16, 2020, he attended a cookout hosted by Greenbrier for its employees at the Saunders Preparation Plant in Logan County, West Virginia.  (Ex. 8 ¶¶ 16-17.)

67.     Mr. Vance alleges that a propane tank at the cookout exploded, causing severe injuries to Mr. Lawrence, among other miners in attendance.  (*Id.* ¶ 20.)

68.     Mr. Vance alleges that he sustained multiple burns of varying degrees to over 10 percent of his body, including to his forearm and shoulder.  Mr. Vance also alleges that he suffers constant migraine headaches and Post Traumatic Stress Disorder as a result of the incident.   (*Id.* ¶ 20.)

69.     Mr. Vance alleges that "Coronado controlled the day to day operations of the Sanders Preparation Plant, including events such as the cookout at which Mr. Vance was injured, as well as assuming a duty of safety oversight and direction for the subject mine." (*Id.* ¶ 23.)

70.     Mr. Vance alleges that as "the controller of the Saunders Preparation Plant," Coronado "owed a duty to provide coal miners in that mine a safe workplace, which included the duty of reasonable and ordinary care to adopt and implement safe practices and procedures at the plant, including proper training protocols on compressed gas." (*Id.* ¶ 23.)

71.     Mr. Vance alleges that "[o]n the date in question, agents of Defendant Coronado were present at the jobsite, owned and transported the subject grill apparatus to the mine site, and was responsible for the safe operation of the grill, including ensuring that propane tanks were properly han[d]le[d] and stored when not in use, as well as ensuring that all tanks on or around the subject grill apparatus were safe and properly maintained." (*Id.* ¶ 26.)

72.     In Count I of the Complaint, Mr. Vance alleges a claim for negligence against Coronado. According to the Complaint, Coronado "negligently, recklessly, willfully, and with wanton disregard of safety breached its duties owed to Mr. Vance by failing to adopt and implement proper training protocols on compressed gas, and by nonetheless knowingly exposing employees to a situation where knowledge of compressed gas and the hazards associated therewith was crucial." (*Id.* ¶ 27.)

73.     The Complaint seeks compensatory damages, punitive damages, costs and attorneys fees from Coronado.

**F.      *Scott Parsons v. Coronado Coal LLC*, No. CC-23-2022-C-3 (Circuit Court, Logan County, W.Va)**

74.     On January 5, 2022, Underlying Plaintiff Scott Parsons filed suit against Defendant Coronado, among other entities, in the Circuit Court of Logan County, West Virginia.

- 15 -

A copy of the Complaint in *Scott Parsons v. Coronado Coal LLC*, No. CC-23-2022-C-3 (hereinafter, the "*Parsons* Action") is attached hereto as **Exhibit 9**.

75.     In the *Parsons* Action, Mr. Parsons alleges that he "was employed by Greenbrier" when, on July 16, 2020, he attended a cookout hosted by Greenbrier for its employees at the Saunders Preparation Plant in Logan County, West Virginia.  (Ex. 9 ¶¶ 16-17.)

76.     Mr. Parsons alleges that a propane tank at the cookout exploded, causing severe injuries to Mr. Parsons, among other miners in attendance.  (*Id.* ¶ 20.)

77.     Mr. Parsons alleges that he sustained "multiple burns of varying degrees over his body as well as Post Traumatic Stress Disorder as a direct and proximate result of this incident." (*Id.* ¶ 20.)

78.     Mr. Parsons alleges that "Coronado controlled the day to day operations of the Sanders Preparation Plant, including events such as the cookout at which Mr. Parsons was injured, as well as assuming a duty of safety oversight and direction for the subject mine."  (*Id.* ¶ 23.)

79.     Mr. Parsons alleges that as "the controller of the Saunders Preparation Plant," Coronado "owed a duty to provide coal miners in that mine a safe workplace, which included the duty of reasonable and ordinary care to adopt and implement safe practices and procedures at the plant, including proper training protocols on compressed gas."  (*Id.* ¶ 23.)

80.     Mr. Parsons alleges that "[o]n the date in question, agents of Defendant Coronado were present at the jobsite, owned and transported the subject grill apparatus to the mine site, and was responsible for the safe operation of the grill, including ensuring that propane tanks were properly han[d]le[d] and stored when not in use, as well as ensuring that all tanks on or around the subject grill apparatus were safe and properly maintained."  (*Id.* ¶ 26.)

81.     In Count I of the Complaint, Mr. Parsons alleges a claim for negligence against Coronado.  According to the Complaint, Coronado "negligently, recklessly, willfully, and with wanton disregard of safety breached its duties owed to Mr. Parsons by failing to adopt and implement proper training protocols on compressed gas, and by nonetheless knowingly exposing employees to a situation where knowledge of compressed gas and the hazards associated therewith was crucial."  (*Id.* ¶ 27.)

82.     The Complaint seeks compensatory damages, punitive damages, costs and attorneys fees from Coronado.

### G.     Federal Denies Coverage for the Underlying Actions

83.     Because the complaints in each of the Underlying Actions discussed above allege that the underlying plaintiffs were injured during the course of their employment by an insured (Greenbrier) and while performing duties related to the conduct of an insured's (Greenbrier's and/or Coronado's) business Federal denied coverage for the Underlying Actions, among other reasons, on the basis of the Policy's "Employer's Liability, Except for Written Contract Or Agreement" Exclusion Endorsement.

84.     Specifically, by letter dated July 7, 2021, Federal acknowledged receipt of the complaint filed in the Underlying *Cook* Action against its Named Insureds Greenbrier and Coronado and denied that there was coverage under the Federal Policy.  Specifically, Federal explained that because the complaint alleges that John Cook was employed by Greenbrier and that he was injured during the course and scope of his employment, the "Employer's Liability, Except for Written Contract Or Agreement" Exclusion Endorsement of the Policy precluded coverage for Greenbrier and Coronado for the *Cook* Action.  Federal reserved its rights, including to the extent there was no coverage under the "Expected Or Intended Injury" exclusion

for any alleged intentional conduct. Federal also reserved its rights to disclaim coverage for additional bases under the Policy and to reevaluate all coverage issues. A copy of the July 7, 2021 letter is attached hereto as **Exhibit 10.**[2]

85.     By separate letters dated December 14, 2021, Federal acknowledged receipt of the complaints filed in the Underlying *Woolum* and *Smith* Actions against its Named Insureds Greenbrier and Coronado and denied that there was coverage under the Federal Policy. A copy of the December 14, 2021 letters are attached hereto as **Exhibit 11** and **Exhibit 12.**

86.     Specifically, Federal explained that because the complaints allege that Christopher Smith and Charles Woolum were employed by Greenbrier and were injured during the course and scope of their employment, the "Employer's Liability, Except for Written Contract Or Agreement" Exclusion Endorsement of the Policy precluded coverage for Greenbrier and Coronado for the underlying *Woolum* and *Smith* Actions Action. Federal explained that there was no coverage under the "Expected Or Intended Injury" exclusion for any alleged intentional conduct, including Plaintiffs claims for Deliberate Intent, and such intentional conduct would fall outside the scope of the insuring agreement, which requires an occurrence. Federal also explained that the Plaintiffs' claims for declaratory relief do not constitute damages under the policy.

87.     Upon receipt of the insured's notice of the *Lawrence, Vance,* and *Parsons* Actions in February 2022, Federal assigned defense counsel. After further consideration of the Policy and complaints in the *Lawrence, Vance,* and *Parsons* Actions, Federal is denying coverage for and withdrawing its defense from the three actions contemporaneously with the filing of this coverage action.

---

[2] The Defendants' insurance broker asked Federal to reconsider its coverage position but Federal maintained that the "Employer's Liability, Except for Written Contract Or Agreement" Exclusion Endorsement applied.

## COUNT I
### Declaratory Judgment (28 U.S.C. §§ 2201-2202) v. Greenbrier and Coronado
### Declaration of No Coverage for the *Cook* Action

88.     Federal incorporates by reference herein paragraphs 1 through 87 of its Complaint as if set forth in full.

89.     The issues raised herein will directly govern the parties' rights and obligations, if any, under the Federal Policy.  This matter is, therefore, ripe for adjudication.

90.     An actual controversy exists between Federal and its insureds, Coronado and Greenbrier, over whether there is coverage under the Federal Policy for the Underlying *Cook* Action, and this Court has the power to declare the rights and obligations of the parties.

91.     Federal requests that the Court issue a declaratory judgment in favor of Federal, and against Coronado and Greenbrier, declaring that coverage for the Underlying *Cook* Action is barred or limited by the terms, conditions, limitations, and exclusions of the Policy for the following reasons:

a)     The Underlying *Cook* Action triggers the insuring agreement only to the extent that the complaint in the *Cook* Action alleges "**bodily injury** … caused by an **occurrence.**"

b)     To the extent that insuring agreement is triggered, the complaint in the Underlying *Cook* Action for which Coronado and Greenbrier seek coverage alleges losses arising out of injuries sustained by an employee (John Cook) of an insured (Greenbrier) arising out of and in the course of his (John Cook's) employment for an insured (Greenbrier) or in the course of his (John Cook) performing duties related to the conduct of an insured's (Greenbrier's and/or Coronado's) business, which losses are excluded by

the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement;

c)    To the extent that insuring agreement is triggered, the complaint in the Underlying *Cook* Action for which Coronado and Greenbrier seek coverage alleges losses for the spouse (Ashley Cook), child, parent, brother or sister of an employee (John Cook) sustaining injury or damage as described in the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement, which losses are also excluded under that Exclusion Endorsement; and

d)    The complaint in the Underlying *Cook* Action for which Coronado and Greenbrier seek coverage alleges damages from bodily injury arising out of acts intended by the insured or that would be expected from the standpoint of a reasonable person in the circumstances of the insured. Such conduct does not constitute an **occurrence** triggering coverage under the Policy, and any loss arising out of such intentional conduct are excluded by the policy's *Expected Or Intended Injury* exclusion.

92.    Because of these reasons, Federal is entitled to a judicial declaration that Federal does not owe a defense or indemnification to Coronado or Greenbrier for the Underlying *Cook* Action.

WHEREFORE, Federal Insurance Company requests that judgment be entered in its favor and against Coronado Coal, LLC and Greenbrier Minerals, LLC, and that the Court award Federal its attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

## COUNT II
### Declaratory Judgment (28 U.S.C. §§ 2201-2202) v. Greenbrier and Coronado
### Declaration of No Coverage for the *Smith* Action

93.     Federal incorporates by reference herein paragraphs 1 through 92 of its Complaint as if set forth in full.

94.     The issues raised herein will directly govern the parties' rights and obligations, if any, under the Federal Policy.  This matter is, therefore, ripe for adjudication.

95.     An actual controversy exists between Federal and its insureds, Coronado and Greenbrier, over whether there is coverage under the Federal Policy for the Underlying *Smith* Action, and this Court has the power to declare the rights and obligations of the parties.

96.     Federal requests that the Court issue a declaratory judgment in favor of Federal, and against Coronado and Greenbrier, declaring that coverage for the Underlying *Smith* Action is barred or limited by the terms, conditions, limitations, and exclusions of the Policy for the following reasons:

        a)     The Underlying *Smith* Action triggers the insuring agreement only to the extent that the complaint in the *Smith* Action alleges "**bodily injury** … caused by an **occurrence**."

        b)     To the extent that the insuring agreement is triggered, the complaint in the Underlying *Smith* Action for which Coronado and Greenbrier seek coverage alleges losses arising out of injuries sustained by an employee (Christopher Smith) of an insured (Greenbrier) arising out of and in the course of his (Christopher Smith's) employment for an insured (Greenbrier) or in the course of his (Christopher Smith's) performing duties related to the conduct of an insured's (Greenbrier's and/or

Coronado's) business, which losses are excluded by the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement;

c) To the extent that the insuring agreement is triggered, the complaint in the Underlying *Smith* Action for which Coronado and Greenbrier seek coverage alleges losses for the spouse (Amanda Smith), child, parent, brother or sister of an employee (Christopher Smith) sustaining injury or damage as described in the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement, which losses are also excluded under that Exclusion Endorsement; and

d) The complaint in the Underlying *Smith* Action for which Coronado and Greenbrier seek coverage alleges damages from bodily injury arising out of acts intended by the insured or that would be expected from the standpoint of a reasonable person in the circumstances of the insured. Such conduct does not constitute an **occurrence** triggering coverage under the Policy, and any loss arising out of such intentional conduct are excluded by the policy's *Expected Or Intended Injury* exclusion;

e) The complaint in the Underlying *Smith* Action seeks declaratory relief concerning the constitutionality of an amendment (H.B. 2011) imposing an impairment threshold to the deliberate intent statute W. Va. Code § 23-4-2(d)(2)(B).  Such claims for declaratory relief are not covered because they do not constitute "damages" under the general liability insuring agreement.

97.    Because of these reasons, Federal is entitled to a judicial declaration that Federal does not owe a defense or indemnification to Coronado or Greenbrier for the Underlying *Smith* Action.

WHEREFORE, Federal Insurance Company requests that judgment be entered in its favor and against Coronado Coal, LLC and Greenbrier Minerals, LLC, and that the Court award Federal its attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

### COUNT III
### Declaratory Judgment (28 U.S.C. §§ 2201-2202) v. Greenbrier and Coronado
### Declaration of No Coverage for the *Woolum* Action

98.    Federal incorporates by reference herein paragraphs 1 through 97 of its Complaint as if set forth in full.

99.    The issues raised herein will directly govern the parties' rights and obligations, if any, under the Federal Policy.  This matter is, therefore, ripe for adjudication.

100.    An actual controversy exists between Federal and its insureds, Coronado and Greenbrier, over whether there is coverage under the Federal Policy for the Underlying *Woolum* Action, and this Court has the power to declare the rights and obligations of the parties.

101.    Federal requests that the Court issue a declaratory judgment in favor of Federal, and against Coronado and Greenbrier, declaring that coverage for the Underlying *Woolum* Action is barred or limited by the terms, conditions, limitations, and exclusions of the Policy for the following reasons:

a)    The Underlying *Woolum* Action triggers the insuring agreement only to the extent that the complaint in the *Woolum* Action alleges "**bodily injury** … caused by an **occurrence**."

b)    To the extent that the insuring agreement is triggered, the complaint in the

Underlying *Woolum* Action for which Coronado and Greenbrier seek coverage alleges losses arising out of injuries sustained by an employee (Charles Woolum) of an insured (Greenbrier) arising out of and in the course of his (Charles Woolum's) employment for an insured (Greenbrier) or in the course of his (Charles Woolum's) performing duties related to the conduct of an insured's (Greenbrier's and/or Coronado's) business, which losses are excluded by the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement;

c)    To the extent that the insuring agreement is triggered, the complaint in the Underlying *Woolum* Action for which Coronado and Greenbrier seek coverage alleges losses for the spouse (Michelle Woolum), child, parent, brother or sister of an employee (Charles Woolum) sustaining injury or damage as described in the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement, which losses are also excluded under that Exclusion Endorsement; and

d)    The complaint in the Underlying *Woolum* Action for which Coronado and Greenbrier seek coverage alleges damages from bodily injury arising out of acts intended by the insured or that would be expected from the standpoint of a reasonable person in the circumstances of the insured. Such conduct does not constitute an **occurrence** triggering coverage under the Policy, and any damages arising out of such intentional conduct are excluded by the policy's *Expected Or Intended Injury* exclusion;

e)    The complaint in the Underlying *Woolum* Action seeks declaratory relief

concerning the constitutionality of an amendment (H.B. 2011) imposing an impairment threshold to the deliberate intent statute W. Va. Code § 23-4-2(d)(2)(B).  Such claims for declaratory relief are not covered because they do not constitute "damages" under the general liability insuring agreement.

102.     Because of these reasons, Federal is entitled to a judicial declaration that Federal does not owe a defense or indemnification to Coronado or Greenbrier for the Underlying *Woolum* Action.

WHEREFORE, Federal Insurance Company requests that judgment be entered in its favor and against Coronado Coal, LLC and Greenbrier Minerals, LLC, and that the Court award Federal its attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

## COUNT IV
### Declaratory Judgment (28 U.S.C. §§ 2201-2202) v. Greenbrier and Coronado
### Declaration of No Coverage for the *Lawrence* Action

103.     Federal incorporates by reference herein paragraphs 1 through 102 of its Complaint as if set forth in full.

104.     The issues raised herein will directly govern the parties' rights and obligations, if any, under the Federal Policy.  This matter is, therefore, ripe for adjudication.

105.     An actual controversy exists between Federal and its insureds, Coronado and Greenbrier, over whether there is coverage under the Federal Policy for the Underlying *Lawrence* Action, and this Court has the power to declare the rights and obligations of the parties.

106.     Federal requests that the Court issue a declaratory judgment in favor of Federal, and against Coronado and Greenbrier, declaring that coverage for the Underlying *Lawrence*

Action is barred or limited by the terms, conditions, limitations, and exclusions of the Policy for the following reasons:

a) The Underlying *Lawrence* Action triggers the insuring agreement only to the extent that the complaint in the *Lawrence* Action alleges "**bodily injury** … caused by an **occurrence**."

b) To the extent that the insuring agreement is triggered, the complaint in the Underlying *Lawrence* Action for which Coronado and Greenbrier seek coverage alleges losses arising out of injuries sustained by an employee (Lucas Lawrence) of an insured (Greenbrier) arising out of and in the course of his (Lucas Lawrence's) employment for an insured (Greenbrier) or in the course of his (Lucas Lawrence's) performing duties related to the conduct of an insured's (Greenbrier's and/or Coronado's) business, which losses are excluded by the *Employer's Liability, Except For Written Contract Or Agreement Exclusion* Endorsement;

c) The complaint in the Underlying *Lawrence* Action for which Coronado and Greenbrier seek coverage alleges damages from bodily injury arising out of acts intended by the insured or that would be expected from the standpoint of a reasonable person in the circumstances of the insured. Such conduct does not constitute an **occurrence** triggering coverage under the Policy, and any loss arising out of such intentional conduct are excluded by the policy's *Expected Or Intended Injury* exclusion;

107. Because of these reasons, Federal is entitled to a judicial declaration that Federal does not owe a defense or indemnification to Coronado or Greenbrier for the Underlying

*Lawrence* Action.

WHEREFORE, Federal Insurance Company requests that judgment be entered in its favor and against Coronado Coal, LLC and Greenbrier Minerals, LLC, and that the Court award Federal its attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

## COUNT V
### Declaratory Judgment (28 U.S.C. §§ 2201-2202) v. Greenbrier and Coronado
### Declaration of No Coverage for the *Vance* Action

108.    Federal incorporates by reference herein paragraphs 1 through 107 of its Complaint as if set forth in full.

109.    The issues raised herein will directly govern the parties' rights and obligations, if any, under the Federal Policy.  This matter is, therefore, ripe for adjudication.

110.    An actual controversy exists between Federal and its insureds, Coronado and Greenbrier, over whether there is coverage under the Federal Policy for the Underlying *Vance* Action, and this Court has the power to declare the rights and obligations of the parties.

111.    Federal requests that the Court issue a declaratory judgment in favor of Federal, and against Coronado and Greenbrier, declaring that coverage for the Underlying *Vance* Action is barred or limited by the terms, conditions, limitations, and exclusions of the Policy for the following reasons:

    a)    The Underlying *Vance* Action triggers the insuring agreement only to the extent that the complaint in the *Vance* Action alleges "**bodily injury** … caused by an **occurrence**."

    b)    To the extent that the insuring agreement is triggered, the complaint in the Underlying *Vance* Action for which Coronado and Greenbrier seek coverage alleges losses arising out of injuries sustained by an employee

(Ewel Vance) of an insured (Greenbrier) arising out of and in the course of his (Ewel Vance's) employment for an insured (Greenbrier) or in the course of his (Ewel Vance's) performing duties related to the conduct of an insured's (Greenbrier's and/or Coronado's) business, which losses are excluded by the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement;

c)    The complaint in the Underlying *Vance* Action for which Coronado and Greenbrier seek coverage alleges damages from bodily injury arising out of acts intended by the insured or that would be expected from the standpoint of a reasonable person in the circumstances of the insured. Such conduct does not constitute an **occurrence** triggering coverage under the Policy, and any loss arising out of such intentional conduct are excluded by the policy's *Expected Or Intended Injury* exclusion;

112.    Because of these reasons, Federal is entitled to a judicial declaration that Federal does not owe a defense or indemnification to Coronado or Greenbrier for the Underlying *Vance* Action.

WHEREFORE, Federal Insurance Company requests that judgment be entered in its favor and against Coronado Coal, LLC and Greenbrier Minerals, LLC, and that the Court award Federal its attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

**COUNT VI**
**Declaratory Judgment (28 U.S.C. §§ 2201-2202) v. Greenbrier and Coronado**
**Declaration of No Coverage for the *Parsons* Action**

113.    Federal incorporates by reference herein paragraphs 1 through 112 of its Complaint as if set forth in full.

114.    The issues raised herein will directly govern the parties' rights and obligations, if any, under the Federal Policy.  This matter is, therefore, ripe for adjudication.

115.    An actual controversy exists between Federal and its insureds, Coronado and Greenbrier, over whether there is coverage under the Federal Policy for the Underlying *Parsons* Action, and this Court has the power to declare the rights and obligations of the parties.

116.    Federal requests that the Court issue a declaratory judgment in favor of Federal, and against Coronado and Greenbrier, declaring that coverage for the Underlying *Parsons* Action is barred or limited by the terms, conditions, limitations, and exclusions of the Policy for the following reasons:

a)      The Underlying *Parsons* Action triggers the insuring agreement only to the extent that the complaint in the *Parsons* Action alleges "**bodily injury** … caused by an **occurrence**."

b)      To the extent that the insuring agreement is triggered, the complaint in the Underlying *Parsons* Action for which Coronado and Greenbrier seek coverage alleges losses arising out of injuries sustained by an employee (Scott Parsons) of an insured (Greenbrier) arising out of and in the course of his (Scott Parsons's) employment for an insured (Greenbrier) or in the course of his (Scott Parsons's) performing duties related to the conduct of an insured's (Greenbrier's and/or Coronado's) business, which losses are excluded by the *Employer's Liability, Except For Written Contract Or Agreement* Exclusion Endorsement;

c)      The complaint in the Underlying *Parsons* Action for which Coronado and Greenbrier seek coverage alleges damages from bodily injury arising out

of acts intended by the insured or that would be expected from the standpoint of a reasonable person in the circumstances of the insured. Such conduct does not constitute an **occurrence** triggering coverage under the Policy, and any loss arising out of such intentional conduct are excluded by the policy's *Expected Or Intended Injury* exclusion;

117.    Because of these reasons, Federal is entitled to a judicial declaration that Federal does not owe a defense or indemnification to Coronado or Greenbrier for the Underlying *Parsons* Action.

WHEREFORE, Federal Insurance Company requests that judgment be entered in its favor and against Coronado Coal, LLC and Greenbrier Minerals, LLC, and that the Court award Federal its attorneys' fees, costs of suit, and such other relief as the Court deems appropriate.

Dated: October 7, 2022

        /s/ Matthew J. Perry            .
Matthew J. Perry, WVSB 8589
J. Jarrod Jordan, WVSB 10622
**BURNS WHITE, LLC**
720 Fourth Avenue
Huntington, WV 25701
T: (304) 523-5400
F: (304) 523-5409
mjperry@burnswhite.com
jjjordan@burnswhite.com

**HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER**

Ronald P. Schiller (*pro hac vice* forthcoming)
Bonnie M. Hoffman(*pro hac vice*
forthcoming)
One Logan Square,  27th Floor
Philadelphia, PA 19103
T: (215) 568-6200
F: (215) 568-0300
rschiller@hangley.com
bhoffman@hangley.com

*Counsel for Defendant Federal Insurance
Company*